76 F.3d 380
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Penny Lynn WALK, Plaintiff-Appellant,
v.
RUBBERMAID INCORPORATED, Defendant-Appellee.
 No. 94-4306.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1996.
 
 Before: MARTIN, GUY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this employment discrimination action, we review the district court's summary judgment in favor of defendant, Rubbermaid Incorporated. Plaintiff, Penny Lynn Walk, claims that genuine issues of material fact remain regarding her Title VII claims of unequal pay and hostile work environment. Based on our review of the record, we find plaintiff's appeal to be without merit, and affirm.
 
 I.
 
 2
 Plaintiff began work at Rubbermaid in 1979 as a keypunch data entry worker. Through a series of promotions, she attained the position of supervisor of telemarketing in 1989.
 
 
 3
 Following a reorganization within Rubbermaid, in January of 1990, Walk began to report to Tom Lombardo, the National Sales Manager for Retail Sales Development. Lombardo advised Walk at that time that she was being promoted to the position of manager of telemarketing. A bulletin was posted announcing her position as manager, and she was given business cards using that title. Shortly after Walk received the promotion and a wage increase, however, she was informed by Lombardo that Rubbermaid did not consider her position to be that of a manager. Nevertheless, Walk continued to report directly to Lombardo, retained her new duties and salary increase, and received additional increases within a short period of time.
 
 
 4
 The record further reflects that Lombardo frequently used foul and abusive language. In October of 1990, Lombardo left a voice mail message for Walk in which he said she was "fucking stupid" and inquired "what kind of fucking manager are you?" Walk also complained that Lombardo was unresponsive to her. According to Walk's testimony, on two or three occasions, she passed by his office to speak with him only for him to raise his hand and say "I have no time for you or your fucking menopausal bitches."
 
 
 5
 In July 1991, Walk's husband complained to Lombardo's manager about Lombardo. A meeting was held the next day among Lombardo, Walk, and Lombardo's supervisor, at which they addressed Lombardo's language and treatment of Walk. After the meeting, Walk felt relieved that the matter was resolved.
 
 
 6
 Despite some improvement in Lombardo's behavior, problems between Walk and Lombardo persisted. Ultimately, Walk requested a transfer, and learning that none was available, she resigned from Rubbermaid.
 
 
 7
 Walk then filed charges with the Equal Employment Opportunity Commission. The Commission issued a no cause determination on her equal pay claim but did find cause on her hostile work environment claim.
 
 
 8
 Following issuance by the Commission of a right to sue letter, Walk sued in district court. Rubbermaid filed a motion for summary judgment, which the district court granted. Plaintiff now appeals.
 
 II.
 
 9
 We review de novo a district court's grant of summary judgment. McKee v. Cutter Labs, Inc., 866 F.2d 219, 220 (6th Cir.1989). Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Furthermore, an adverse party may not rest upon the mere allegations of its pleading, but must respond by setting forth specific facts showing that there is a genuine issue for trial. A fact is "material" when it is capable of affecting the outcome of the suit under governing law; a dispute about "material fact" is "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We thus consider whether Walk has met this burden in opposing defendant's motion for summary judgment.
 
 A. Plaintiff's Sexual Harassment Claim
 
 10
 Title VII of the Civil Rights Act of 1964 prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Contemplated within this prohibition is "discriminatory intimidation, ridicule, and insult," Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986), that is "sufficiently severe or pervasive 'to alter the conditions of [the victim's] employment and create an abusive working environment.' " Id. at 67 (quoting Henson v. City of Dundee, 682 F.2d 897, 904 (11th Cir.1982)).
 
 
 11
 The Supreme Court has adopted a totality of the circumstances test in assessing whether conduct creates a hostile work environment:
 
 
 12
 [The circumstances] may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. The effect on the employee's psychological well-being is, of course, relevant to determining whether the plaintiff actually found the environment abusive. But while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.
 
 
 13
 Harris v. Forklift Sys., Inc., 114 S.Ct. 367, 371 (1993).
 
 
 14
 In this case, plaintiff contends that a genuine issue of material fact exists whether Lombardo's conduct created a hostile work environment for purposes of Title VII. We disagree. While we recognize animosity existed between Walk and Lombardo, and that Lombardo used foul and abusive language, plaintiff has failed to show that these actions were taken based on her sex. See, e.g., Bradshaw v. Golden Road Motor Inn, 885 F.Supp. 1370, 1381 (D.Nev.1995) ("personal hostility is not the same thing as 'hostility' within the meaning of Title VII"). In addition, the record suggests that Lombardo used this inappropriate language with both male and female employees alike.
 
 
 15
 The only sex-based ridicule or insults in the record are the instances in which Lombardo told Walk that he did not have time for "you or your fucking menopausal bitches." These comments were made at most three times, however. Under the Harris test, we conclude that plaintiff has failed to show how these comments, while humiliating and thoroughly offensive, rise to such a level as to create a hostile work environment claim. See, e.g., Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1542 (10th Cir.1995) (isolated instance of gender-based conduct in which perpetrator stated "sometimes don't you just want to smash a woman in the face" did not establish hostile work environment claim); Equal Employment Opportunity Comm'n v. Champion Int'l Corp., No. 93-C-20279, 1995 WL 488333, at * 2 (N.D.Ill. Aug. 1, 1995) (summary judgment for employer on sexual and racial harassment charges based on single incident in which employee exposed himself to plaintiff and said "[s]uck my dick, you black bitch"); Bennett v. New York City Dep't of Corrections, 705 F.Supp. 979, 983 (S.D.N.Y.1989) (incident in which white male corrections officer yelled at black female officer "hey black bitch, open the ... gate" is insufficient to sustain claim of racially hostile work environment).
 
 B. Plaintiff's Wage Discrimination Claim
 
 16
 We next consider whether a genuine issue of material fact exists regarding plaintiff's wage discrimination claim. Plaintiff claims that she was compensated at a lower rate of salary than if she had been a man. Under Title VII, wage differentiation among persons of the opposite sex is permissible if such differentiation does not violate the Equal Pay Act, 29 U.S.C. § 206(d). 42 U.S.C. § 2000e-2(h).
 
 
 17
 Under the Equal Pay Act, unequal wage rates are impermissible "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1).
 
 
 18
 Walk's allegation of wage discrimination is unfounded. The record shows that Walk's position was not comparable to those of the male managers. Walk concedes that her position required far less travel and her department's sales volume was substantially less than those of the national account managers who happened to be male. Nor did her position involve the development of sales programs or pricing strategy and negotiation as did those positions.
 
 
 19
 In further support of her claim, Walk contends that her position was "traditionally female." The premise is factually untrue because Walk was the first person to hold her position. While a woman was previously responsible for the tasks now performed by Walk, that woman was also responsible for several other departments. Moreover, even if the contention were true, it would have no bearing on her wage claim, as there is no evidence to suggest that these women were compensated at lower levels than similarly situated men.
 
 
 20
 AFFIRMED.